## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**BESA COMMUNITY, INC.,**

        **Plaintiff,**

    **v.**

**THE CEDAR SHACK,** *et al.***,**

        **Defendants.**

        **:**

**Case No. 2:25-cv-857**
**Chief Judge Sarah D. Morrison**
**Magistrate Judge S. Courter M. Shimeall**

        **:**

### OPINION AND ORDER

In August 2025, Besa Community, Inc. filed its original Complaint against The Cedar Shack, The Cedar Shack Ltd., Michael Agenter, Kelly Agenter, and several unknown Defendants. (Compl., ECF No. 1.) Therein, Besa asserted six counts: (1) declaratory judgment; (2) "further relief" pursuant to 28 U.S.C. § 2201, *et seq.*; (3) "further equitable relief"; (4) trademark infringement and counterfeiting pursuant to 15 U.S.C. § 1114; (5) false designation of origin, passing off, and unfair competition pursuant to 15 U.S.C. § 1125(a) and the Lanham Act; and (6) "common law claims" for trademark infringement. (*Id.*)

Several months later, in February 2026, Besa moved to amend its Complaint, representing that it sought to, *inter alia*, "narrow its claims to a theory of common law trademark infringement." (ECF No. 33, PAGEID # 325.) The Magistrate Judge granted Besa's request, which was unopposed. (ECF No. 35.) Besa then filed its Amended Complaint, which asserts only one count for "common law trademark infringement." (Am. Compl., ECF No. 36.)

Defendants moved to dismiss the Amended Complaint on the grounds that Besa failed to establish Article III standing and that Besa failed to state a claim. (ECF No. 38.) After Defendants' motion was fully briefed, the Magistrate Judge ordered Besa to show cause as to why the Court retains subject-matter jurisdiction over the case, considering that the Amended Complaint alleges only a common-law claim and alleges that all parties are from Ohio. (ECF No. 46.) In response, Besa argues that its "claims arise under the Lanham Act," so the Court "may properly exercise supplemental jurisdiction over [Besa's] related common law trademark infringement claim." (ECF No. 47.) Besa posits that "Ohio courts apply federal Lanham Act standards when evaluating trademark infringement claims," and because "the elements required to establish a Lanham Act claim are satisfied" here, the Court has subject-matter jurisdiction over the Amended Complaint. (*Id.*) At the end of its response, Besa requests leave to amend for a second time to "assert a federal copyright claim." (*Id.*)

Besa is correct that Ohio common-law trademark infringement claims[1] mirror trademark infringement claims brought under the Lanham Act. *See, e.g.*, *Daddy's Junky Music Stores, Inc. v. Big Daddy's Fam. Music Ctr.*, 109 F.3d 275, 288 (6th Cir. 1997); *Hildawn Design, LLC v. Right Here at Home*, No. 5:25-CV-1247, 2026 WL 1758208, at *8 (N.D. Ohio June 18, 2026) (applying Ohio law). But they are not the same claim. The fact that the proofs in a federal trademark action are

---

[1] Because "there is no federal common law governing trademark infringement actions," *Rupp v. Courier-J., Inc.*, 839 F. App'x 1003, 1007 (6th Cir. 2021) (internal quotations and citation omitted), the Court construes Besa's "common law trademark infringement" claim as arising under state law.

similar to the proofs in a common-law trademark action does not transform the state-law claim into a federal claim. *Cf. Passalacqua Corp. v. Rest. Mgmt. II, Inc.*, 885 F. Supp. 154, 158 (E.D. Mich. 1995) ("The fact that a claim filed under a state law might have been filed under a related federal statute does not confer federal jurisdiction on the state claim.").

Besa also contends that its common-law claim "arise[s] under the Lanham Act" and that the Court has subject-matter jurisdiction pursuant to that Act. (Am. Compl. ¶ 6; ECF No. 47.) But Besa does not lodge a Lanham Act claim in the Amended Complaint. (*See generally* Am. Compl., ECF No. 36). To the contrary, though Besa asserted a Lanham Act claim in its initial Complaint, it chose to file an Amended Complaint that omitted the Lanham Act claim, stating that its intent was to "narrow" the case "to a theory of *common law* trademark infringement." (ECF No. 47 (emphasis added).)

Without federal question jurisdiction, there is no basis for the Court's original subject-matter jurisdiction because the Amended Complaint alleges that the parties are all Ohio residents. (*See* Am. Compl. ¶¶ 1–4.) This prevents the Court from resolving Besa's common-law claim through supplemental jurisdiction. *See Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 33–34 (2025) ("Once the plaintiff has ditched all claims involving federal questions, the leftover state claims are supplemental to nothing—and § 1367(a) does not authorize a federal court to resolve them. … If nothing in the amended complaint now falls 'within [the federal court's] original jurisdiction,' then neither does anything fall within the court's

3

'supplemental jurisdiction.'").

As for Besa's request to amend, "[a] district court may not grant leave to amend a complaint when the complaint fails to allege facts that serve as the basis for subject matter jurisdiction." *Sommers v. Vill. of Barnesville Council*, No. 2:24-CV-2119, 2024 WL 4817459, at *3 (S.D. Ohio Nov. 18, 2024) (Morrison, C.J.); *cf. Gause v. Baptist Mem'l Hosp.*, 3 F. App'x 395, 396 (6th Cir. 2001) ("A district court is not required to give the plaintiff an opportunity to amend the complaint if the court clearly lacks jurisdiction."). In any event, the Court declines to entertain Besa's cursory amendment request, particularly when the amendment deadline has passed such that Besa must show good cause under Federal Rule of Civil Procedure 16. (ECF No. 32); *Leary v. Daeschner*, 349 F.3d 888 (6th Cir. 2003).

Accordingly, pursuant to Federal Rule of Civil Procedure 12(h)(3), the Court **DISMISSES without prejudice** Besa's Amended Complaint for lack of subject-matter jurisdiction.

  **IT IS SO ORDERED.**

     /s/ Sarah D. Morrison
     **SARAH D. MORRISON, CHIEF JUDGE**
     **UNITED STATES DISTRICT COURT**

4